IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:20-cr-222-ECM |
| | ) | (WO) |
| TERRILL TREMAYNE TAYLOR | ) | |

**MEMORANDUM OPINION and ORDER**

Defendant Terrill Tremayne Taylor ("Taylor") was charged on October 27, 2020, with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

On February 19, 2021, Taylor filed a motion in support of a *Franks*[1] hearing (doc. 41). On February 28, 2021, Taylor filed a supplemental motion to suppress (doc. 47), seeking to suppress all "tangible evidence, in addition to any derivative evidence (or "fruit") of those items and statements, obtained by the United States, as a result of the unlawful search of Mr. Taylor's home located at 3488 Wilmington Road, Montgomery, Alabama 36108." (*Id*. at 1).

After evidentiary hearings, the Magistrate Judge recommended the motion for a *Franks* hearing and supplemental motion to suppress be denied. (Doc. 72). On September 27, 2021, Taylor filed objections to the Report and Recommendation of the Magistrate Judge. (Doc. 77). Upon an independent review of the record, including a review of the transcript of the hearing before the Magistrate Judge, the Court concludes

---

[1] *See Franks v. Delaware*, 438 U.S. 154 (1978).

that the Defendant's objections are due to be OVERRULED and the motion for a *Franks* hearing and supplemental motion to suppress are due to be DENIED

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions of the Recommendation *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." FED. R. CRIM. P. 59(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). If the party does not object to specific findings, the court reviews the objections only for clear error. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Defendant's objections. The Defendant's objections repeat almost verbatim his arguments from both his motion for a *Franks* hearing and supplemental motion to suppress. The Defendant does not object to any factual findings or legal conclusions of the Magistrate Judge with any specificity, and he fails to state the bases for his objections. Taylor's objection to the Recommendation is conclusory in nature and does not point to any legal error committed by the Magistrate Judge.[2] Because the

---

[2] In his objection, Taylor asserts:

> 25. The Magistrate Judge within the Report and Recommendation suggest that the material issues with dates, times, names, and certain documents not even being properly registered and certified by the clerks

Defendant fails to raise sufficiently specific objections to the Recommendation of the Magistrate Judge, his general objections merit review only for clear error, and are due to be overruled. Thus, the Court concludes the Defendant's motion for a *Franks* hearing (doc. 41) and supplemental motion to suppress (doc. 47) are due to be denied. Accordingly, it is

    ORDERED as follows that:

1. the Defendant's objections (doc. 77) are OVERRULED;

2. the Recommendation of the Magistrate Judge (doc. 72) is ADOPTED; and

3. the Defendant's motion for a *Franks* hearing (doc. 41) and supplemental motion to suppress (doc. 47) are DENIED.

    Done this 1st day of March, 2022.

                              /s/Emily C. Marks
                            EMILY C. MARKS
                            CHIEF UNITED STATES DISTRICT JUDGE

---

(sic) office is simply an anomaly with little to no bearing on the substantive issues of the case or the constitutional rights of the Defendant. However, this notion is erroneous where these material errors are indicative of unbecoming conduct by law enforcement to secure evidence via improper search and seizure documentation.

(Doc. 77 at 8–9).